IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN WEBSTER, #R48184, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cause No. 3:20-cv-00632-GCS |
| | ) | |
| MATT BOSECKER, | ) | |
| C/O BRITWELL, | ) | |
| C/O AUSBROOK, | ) | |
| LT. GIVENS and | ) | |
| DEANNA BROOKHEART, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**SISON , Magistrate Judge:**

Plaintiff Steven Webster, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for an alleged violation of the Eighth Amendment that occurred while he was incarcerated at Lawrence Correctional Center. He asserts a claim of excessive force and seeks monetary damages. (Doc. 16).

This case is now before the Court for preliminary review of the Amended Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).[2] Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or

---

[1]   Prior to Section 1915A review of the Complaint, Plaintiff filed another Complaint which was docketed as an Amended Complaint (Doc. 16).

[2]   The Court has jurisdiction to screen Plaintiff's Amended Complaint in light of his consent to the full jurisdiction of a Magistrate Judge and the Illinois Department of Corrections' limited consent to the exercise of Magistrate Judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE AMENDED COMPLAINT

Plaintiff makes the following allegations in his Amended Complaint (Doc. 16): Plaintiff was assaulted by multiple prison officials on January 7, 2020. C/O Britwell and Sergeant Matt Bosecker slammed him on the floor. C/O Ausbrook kicked him in the ribs and punched him in the face. C/O Britwell punched him in the back. Lt. Givens used pepper spray and stated, "how does that feel lil bitch."

### PRELIMINARY DISMISSAL

Plaintiff names Deanna Brookheart as a defendant but there are no allegations against her in the statement of claim. Under Federal Rule of Civil Procedure 8, a complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a complaint is not enough to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, because Plaintiff failed to allege specific acts of wrongdoing by Brookheart, the personal involvement requirement necessary for § 1983 liability is not met. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). *See also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005)(stating that "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Accordingly, Brookheart will be dismissed without prejudice.

### DISCUSSION

Based on the allegations in the Amended Complaint, the Court designates a single claim in this *pro se* action:

> Count 1:   Eighth Amendment excessive force claim against Britwell, Bosecker, Ausbrook, and Givens for assaulting Plaintiff on January 7, 2020.

Any other claim that is mentioned in the Amended Complaint, but not addressed in this Order, should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). Plaintiff's Amended Complaint includes sufficient allegations to proceed on an excessive force claim against Britwell, Bosecker, Ausbrook, and Givens.

### DISPOSITION

Count 1 will proceed against Britwell, Bosecker, Ausbrook, and Givens. Defendant Deanna Brookheart is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** her as a party.

The Clerk shall prepare for Britwell, Bosecker, Ausbrook, and Givens: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is

granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED:  October 16, 2020.

Digitally signed
by Judge Sison 2
Date: 2020.10.16
11:49:03 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions and to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.