UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN WEBSTER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:20-cv-00632-GCS |
| | ) |
| MATT BOSECKER, C/O GIVENS, C/O | ) |
| BRITWELL, and C/O AUSHBROOK, | ) |
| | ) |
|    Defendants. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On June 25, 2020, Plaintiff Steven Webster, *pro se*, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently housed at Pontiac Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 16). According to the Complaint, while Plaintiff was housed at Lawrence Correctional Center on January 7, 2020, Defendants Bosecker, Aushbrook, Britwell and Givens physically assaulted Plaintiff. (Doc. 16). In connection with this incident, Plaintiff brings one claim under the Eighth Amendment. *Id*.

On October 15, 2020, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Webster to proceed on the following claim:

> **Count 1** - Eighth Amendment excessive force claim against Britwell, Bosecker, Aushbrook, and Givens for assaulting Plaintiff on January 7, 2020.

With the consent of the parties, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 20).

Now pending before the Court is Defendants' February 26, 2021 motion for summary judgment on the issue of Plaintiff's exhaustion of administrative remedies. (Doc. 33). Along with the motion for summary judgment, Defendants filed the required Federal Rule of Civil Procedure 56 notice informing Plaintiff of the consequences of failing to respond to the motion for summary judgment. (Doc. 35). When Plaintiff did not respond within thirty days of Defendants' motion, as required by the local rules, the Court additionally warned Plaintiff that failing to respond to the motion for summary judgement could result in the Court granting the motion. (Doc. 36). As of this date, Plaintiff has not responded to the motion for summary judgment. For the following reasons, Defendants' motion for summary judgment is **GRANTED**.

Though the court is not to act as an advocate, when considering a *pro se* plaintiff's claim, the court should nevertheless take appropriate measures to permit the adjudication of such claims on the merits, rather than dismissing the claims for technical reasons. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Court notes that Plaintiff has been repeatedly warned of the consequences of failing to respond to motions or court orders in this case. When Plaintiff failed to timely consent to or decline magistrate jurisdiction of this case, the Court entered a show cause order warning Plaintiff that the Court could apply sanctions if Plaintiff failed to

adequately show cause for his late responses. (Doc. 13). On August 7, 2020, Plaintiff returned his consent to magistrate jurisdiction, indicating that he understood the potential consequences of untimely compliance. (Doc. 14). Plaintiff has also been active in this case, filing an amended complaint within the time limit providing for doing so. (Doc. 16).

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has more than 200 cases before it. The expedient resolution of both this case, and the numerous other cases on this Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines.

As stated before, Plaintiff has not responded to the motion despite being warned through Defendants' Rule 56 Notice, and the time to respond to the motion has passed. The Court considers Plaintiff's failure to respond as an admission of the merits of the motion filed by Defendants. *See* SDIL Local Rule 7.1(c)(1); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Specifically, Defendants assert that Plaintiff filed his complaint approximately three

months prior to receiving a decision regarding his grievances from the Administrative Review Board. (Doc. 34, p. 3). As prisoners must afford officials the time and opportunity to fully investigate their claims prior to filing suit, by bringing this litigation prior to receiving a decision from the Administrative Review Board, Plaintiff left his remedies unexhausted. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012). Based on this admission, the Court finds that Plaintiff failed to exhaust his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

For the foregoing reasons, the Motion for Summary Judgment is **GRANTED**. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Defendants and against Plaintiff and close the case.

**IT IS SO ORDERED.**

**DATED: April 30, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.30 13:12:58 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**